HOLMES, Judge.
This is a case involving the construction of a group life insurance policy.
Following his death, the wife of a deceased “employee” filed a claim for group life insurance proceeds under the insurer’s group policy issued to the employer. The insurer then filed for a declaratory judgment, alleging that it was not liable on the wife’s claim. The trial court agreed with the insurer and entered a judgment in its favor. The wife appeals. We affirm.
The insurer contends that it is not liable on the wife’s claim because the decedent was not covered by the group policy. It was stipulated in the trial court that, from the time the group policy was issued through the time of his death, the decedent worked less than thirty hours per week. He was thus not within the description of an “employee” covered by the terms of the employer’s group policy.
It is the wife’s position, however, that the insurer is barred from challenging the coverage status of the deceased employee due to an incontestability clause contained in the group policy. The pertinent clause provides:
“The validity of this Policy shall not be contested, except for nonpayment of premiums, after it has been in force for one year from its effective date. No statement made by any insured Employee relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of one year during such Employee’s lifetime nor unless such statement is contained in a written instrument signed by him.”
The sole issue before this court is whether the above-quoted incontestability clause, which is contained in the employer’s group life insurance policy, prevents the insurer from contesting the status of the wife’s decedent as a covered “employee” under the terms of the policy. It appears that this question is one of first impression in this state. Courts in those states in which the issue has been presented are divided in their responses.
This court concludes, in this instance, that the incontestability clause does not prevent the insurer from contesting the coverage of the wife’s decedent under the terms of the policy.
*747 The instant incontestability clause is worded in accordance with Ala.Code (1975), § 27-18-4, which requires that group life insurance policies contain a provision that the validity of the policy will not be contested, except for the nonpayment of premiums, after it has been in force for two years. The incontestability clause by its own terms prevents only contests as to the validity of the policy.
Such a construction of the clause is supported by Ala.Code (1975), § 27-14-17(b), which provides:
“A clause in any policy of life insurance, including burial insurance, providing that such policy shall be incontestible after a specified period shall preclude only a contest of the validity of the policy and shall not preclude the assertion at any time of defenses based upon provisions in the policy which exclude or restrict coverage, whether or not such restrictions or exclusions are excepted in such clause.”
(Emphasis supplied).
We find that in this case the insurer’s contesting the status of the wife’s decedent as an employee within the terms of the group policy was the contesting of the policy’s coverage, not its validity, and that the contest was thus not barred by the incontestability clause.
In National Life & Accident Insurance Co. v. Mixon, 291 Ala. 467, 282 So.2d 308 (1973), the Alabama Supreme Court was presented with a question regarding an incontestability clause which is similar to that presented in the instant appeal. In Mixon the insured sought benefits under an insurance policy for the total loss of his eyesight. The insurer denied his claim on the basis that the insured’s loss of eyesight was caused by an eye disease from which he was already suffering at the time the policy was issued. The policy excluded coverage for loss of eyesight caused by such pre-existing diseases. The policy also contained, however, an incontestability clause, which provided: “This policy shall be incontestable one year from the Date of Issue, except for non-payment of premiums.” Mixon, 291 Ala. at 470, 282 So.2d at 310.
Our supreme court, after reviewing the decisions of many other jurisdictions on the construction of incontestability clauses, held that the incontestability clause in the policy before it did not prevent the insurer from raising as a defense the claim that the insured’s loss of eyesight was not covered by the policy. Most significantly, the court held “that the insurer’s insistence that it is not liable under the policy by reason of its exclusion contained in the pre-existing disease clause, is not a ‘contest’ of the policy within the meaning of the incontestable clause.” Mixon, 291 Ala. at 476, 282 So.2d at 316.
We find both the reasoning and the holding in Mixon to be applicable to the case now before us, particularly since the incontestability clause in the instant policy is specifically restricted to contests of the policy’s validity. The insurer in the present case, as in Mixon, is not contesting the validity of the policy but, rather, the coverage of the policy. The incontestability clause does not prevent the insurer from contesting the coverage claimed by the wife.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.